UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS' NATIONAL PENSION FUND BOARD OF TRUSTEES | ) ) ) ) | CASE NO.  5:12-cv-2738 |
| PLAINTIFF, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) ) ) ) | **MEMORANDUM OPINION AND ORDER** |
| COURTAD, INC., | ) ) | |
| DEFENDANT. | ) | |

This matter is before the Court upon the motion (Doc. No. 5) of defendant Courtad, Inc. ("defendant" or "Courtad, Inc.") to dismiss the complaint (Doc. No. 1) of plaintiff Sheet Metal Workers' National Pension Fund Board of Trustees ("plaintiff" or the "Fund"). Plaintiff has filed a response in opposition (Doc. No. 6), and defendant has filed a reply (Doc. No. 7). The matter is ripe for disposition. For the following reasons, defendant's motion is **DENIED**.

## I. BACKGROUND

The following background consists of the relevant allegations made by plaintiff in its complaint.

Prior to May 1, 2004, Courtad Construction Systems, Inc. ("Courtad Construction") employed workers represented by a local union. (Doc. No. 1 at ¶ 10.) Courtad Construction was bound by a Collective Bargaining Agreement with the local

union, under which it was required to contribute to the Fund on behalf of its covered employees. (Doc. No. 1 at ¶ 11.)

On or about May 1, 2004, Courtad Construction underwent a statutory "complete withdrawal" from the Fund, as defined in Section 4203 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1383. (Doc. No. 1 at ¶ 12.) As a result of the complete withdrawal, the Fund determined that Courtad Construction owed it $141,580.54 in withdrawal liability. (Doc. No. 1 at ¶ 13.) The Fund demanded payment from Courtad Construction, but received none. (Doc. No. 1 at ¶ 14–15.)

Defendant Courtad, Inc. is the "alter ego and mere continuation of Courtad Construction." (Doc. No. 1 at ¶ 31.) Courtad, Inc. and Courtad Construction have had substantially identical employees, business purposes, facilities, operations, equipment, and supervision for all times relevant hereto. (Doc. No. 1 at ¶ 32.) Both companies were controlled by Dennis Courtad, and both operated at the same facility until Courtad Construction was dissolved. (Doc. No. 1 at ¶¶ 33, 35.)

On January 26, 2006, the Fund sued Courtad Construction for the withdrawal liability payments in the United States District Court for the Eastern District of Virginia. (Doc. No. 1 at ¶¶ 14–16.) Courtad, Inc. was not a party to the case. On July 16, 2006, the court entered summary judgment in favor of the Fund, ordering Courtad Construction to make the withdrawal liability payments, as well as pay interest, liquidated damages, and attorney's fees. (Doc. No. 1 at ¶ 17.) On March 27, 2007, the Fund entered into a settlement agreement (the "First Settlement Agreement") with

Courtad Construction, under which Courtad Construction would make quarterly payments to the Fund, beginning April 1, 2007. (Doc. No. 1 at ¶¶ 18–19.)

On July 26, 2007, the Ohio Secretary of State dissolved Courtad Construction. (Doc. No. 1 at ¶ 20.) Defendant Courtad, Inc. made the first four payments to the Fund under the First Settlement Agreement on Courtad Construction's behalf. (Doc. No. 1 at ¶ 21.) Courtad, Inc. issued three different checks for the fifth payment, but all three checks were returned as unpaid due to insufficient funds. (Doc. No. 1 at ¶ 22.) No further payments were made. (Doc. No. 1 at ¶ 23.)

On June 5, 2008, the Fund filed suit in this Court against Courtad Construction; Courtad, Inc.; and Dennis Courtad, the president and owner of Courtad Construction, for the unpaid withdrawal liability and breach of the First Settlement Agreement. (Doc. No. 1 at ¶ 24; Doc. No. 5–1, Compl., *Bd. of Trs. Sheet Metal Workers' Nat'l Pension Fund v. Courtad Constr. Sys., Inc.* ("*Courtad I*"), No. 5:08-cv-1357, June 5, 2008.) The Fund's claim against Courtad, Inc. was based on a theory of controlled group liability. (Doc. No. 1 at ¶ 24.) On July 22, 2008, the Fund received a consent judgment from Courtad Construction and Dennis Courtad for the amounts owed, and its claim against Courtad, Inc. was dismissed. (Doc. No. 1 at ¶¶ 24–25, Ex A.) The Fund, Courtad Construction, and Dennis Courtad entered into another settlement agreement (the "Second Settlement Agreement") for payment of the consent judgment. (Doc. No. 1 at ¶ 25, Ex. B.) On August 2, 2008, Courtad, Inc., on behalf of Courtad Construction and Dennis Courtad, sent the Fund a check for the initial payment under the Second

3

Settlement Agreement. (Doc. No. 1 at ¶ 28.) That check was also returned unpaid for insufficient funds. (Doc. No. 1 at ¶ 29.)

On January 17, 2012, the Fund filed another suit, this time against only defendant Courtad, Inc., in the United States District Court for the Eastern District of Virginia. (Doc. No. 5–4, Compl., *Bd. of Trs. Sheet Metal Workers' Nat'l Pension Fund v. Courtad, Inc.* ("*Courtad II*"), No. 1:12CV54-LO-TRJ, Jan. 17, 2012.) In that suit, the Fund sought damages from Courtad, Inc. for breach of the Second Settlement Agreement as an alter ego of Courtad Construction. (Doc. No. 5–4 at ¶¶ 40–42.) On March 9, 2012, the Fund dismissed that action pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. (Doc. No. 5–5, Notice of Dismissal Without Prejudice, *Courtad II*, Mar. 9, 2012.)

On November 2, 2012, the Fund brought the instant case ("*Courtad III*"), again, as in *Courtad II*, seeking damages from Courtad, Inc. for breach of the Second Settlement Agreement as an alter ago of Courtad Construction. (Doc. No. 1 at ¶¶ 33–44.)

## II. LAW AND ANALYSIS

**A. Documents Outside the Pleadings**

Ordinarily, matters outside of the pleadings are not to be considered by a court in ruling on a motion to dismiss, *Weiner v. Klais & Co., Inc.*, 108 F.3d 86, 88 (6th Cir. 1997), and a court considering such matters must convert the motion to dismiss to a motion for summary judgment. Fed. R. Civ. P. 12(d). However, a court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to the defendant's motion to dismiss so long as

4

they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008).

Accordingly, the Court will consider the relevant court documents from *Courtad I* and *II*, as they are part of the public record. The Court will also consider the Second Settlement Agreement, as it was attached to plaintiff's complaint. However, the Court shall not consider the affidavit from plaintiff's counsel attached to plaintiff's opposition to defendant's motion.

B.  The "Two Dismissal" Rule

Defendant's motion to dismiss is premised on the theory that plaintiff's complaint is barred by the "two dismissal" rule of Rule 41(a)(1)(B) of the Federal Rules of Civil Procedure. Under Rule 41(a)(1)(A), a plaintiff may voluntarily dismiss an action by filing a notice of dismissal, provided the opposing party has not served an answer or a motion for summary judgment, or by filing a stipulation of dismissal signed by all parties who have appeared. As a general rule, "[u]nless the notice or stipulation states otherwise, the dismissal is without prejudice." Fed. R. Civ. P. 41(a)(1)(B). However, "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits." *Id.* This is known as the "two dismissal" rule or the "double dismissal" rule. "'By its own clear terms the 'two dismissal' rule applies only when the second dismissal is by notice under Rule 41(a)(1). It does not apply to a dismissal by stipulation nor to an involuntary dismissal nor to dismissal by court order under Rule 41(a)(2).'" *Sutton Place Dev. Co. v. Abacus*

*Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987) (quoting 9 C. Wright & A. Miller, *Federal Practice and Procedure* § 2368, at 188 (1971)).

"'Because of the ease with which a voluntary dismissal may be secured, courts have held that the two-dismissal rule was practically necessary to prevent an unreasonable use of dismissals.'" *Demsey v. Demsey*, 488 F. App'x 1, 2 (6th Cir. 2012) (quoting *Loubier v. Modern Acoustics*, 178 F.R.D. 17, 20 (D. Conn. 1998)). In particular, "Rule 41(a)(1)(B) 'was intended to eliminate the annoying of a defendant by being summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure.'" *Demsey*, 488 F. App'x at 2 (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990)); *see also* 9 C. Wright & A. Miller, *Federal Practice & Procedure* § 2368 (3d ed.) ("'two dismissal' rule . . . was intended to prevent delays and harassment caused by plaintiffs securing numerous dismissals without prejudice").

Technically, "'[t]he two dismissal rule does not bar a subsequent suit, but instead merely states that when the rule applies, the dismissal of the second suit operates as an adjudication on the merits; once there is an adjudication on the merits, it is the doctrine of *res judicata* which bars subsequent suits on the same cause of action.'" *Evans v. Oh. Laborers Fringe Benefit Programs*, No. 5:12CV01459, 2013 WL 526942, at *3 (N.D. Ohio Feb. 11, 2013) (quoting *W. Grp. Nurseries, Inc. v. Ergas*, 211 F. Supp. 2d 1362, 1368 (S.D. Fla. 2002)); *see also Manning v. S.C. Dep't of Highway & Pub. Transp.*, 914 F.2d 44, 46 (4th Cir. 1990) ("Because a notice of a second dismissal by the plaintiff serves as an 'adjudication on the merits,' the doctrine of *res judicata* applies.")

6

Because the rule creates preclusive effect, "'a court should be most careful not to construe or apply the exception too broadly' where the purpose behind the rule 'would not appear to be served by its literal application.'" *Evans*, 2013 WL 526942, at *3 (quoting *Poloron Prods., Inc. v. Lybrand Ross Bros. & Montgomery*, 534 F.2d 1012, 1017 (2d Cir. 1976)).

## C. *Courtad I* Was Dismissed by Court Order, Not by the Fund

The "two dismissal" rule operates where "the plaintiff previously dismissed" the first action. Fed. R. Civ. P. 41(a)(1)(B). Dismissals that are the result of a court order do not implicate the two dismissal rule. *See ASX Inv. Corp. v. Newton*, 183 F.3d 1265, 1268 (11th Cir. 1999) ("There is no two dismissal rule set out in Rule 41(a)(2) and we see no basis for reading the two dismissal rule to apply where the first dismissal is achieved by motion and order of the court."); *Pacult v. Walgreen Co.*, No. 08-cv-542-slc, 2012 WL 171082, at *2 (W.D. Wis. Jan. 20, 2012) (adopting the reasoning in *Newton*); *Estate of Migliaccio v. Midland Nat'l Life Ins. Co.*, 436 F. Supp. 2d 1095, 1102–03 (C.D. Cal. 2006) (same); *Olynyk v. Scoles*, 868 N.E.2d 254, 259 (Ohio 2007) (citing *Newton* approvingly and applying its reasoning to analogous state rule of civil procedure). "Although dismissal under Rule 41(a)(2) is, as the rule says, 'at the plaintiff's instance,' the actual dismissal is by the court and therefore does not implicate the Rule 41(a)(1) two dismissal rule." *Newton*, 826 F.2d at 1268.

In this circuit, voluntary dismissals under Rule 41(a)(1) are limited to those that dismiss "the entire controversy." *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir. 1961), *cert. denied*, 366 U.S. 948 (1961) (quoting *Harvey Aluminum*,

7

*Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 108 (2d Cir. 1953), *cert. denied*, 345 U.S. 964 (1953)).[1] A plaintiff seeking to dismiss only one defendant from an action must move the Court to do so under Rule 21. *Taylor*, 286 F.2d at 785.[2]

In *Courtad I*, plaintiff filed a document entitled, "Partial Stipulation of Dismissal Without Prejudice of Claims against Defendant Courtad, Inc." (the "Partial Stipulation"). It was signed only by plaintiff's counsel. The judge refiled the Partial Stipulation with the addition of her signature and "So Ordered." The Partial Stipulation cannot be a notice of dismissal under Rule 41(a)(1)(A)(i) because it only seeks to dismiss one party, not the entire action, and it cannot be a stipulation of dismissal under Rule 41(a)(1)(A)(ii) because it is not signed by all of the parties who have appeared. Therefore, the dismissal sought via the Partial Stipulation must have been effected by the order of the court. Although the text of the proposed order submitted by plaintiff and signed by the judge indicates that the dismissal is pursuant to Rule 41(a), the law of the Sixth Circuit indicates that Rule 21 governs the dismissal of only one party in a case involving multiple parties. But regardless of whether the dismissal was made under Rule 41(a)(2) or Rule 21, the dismissal was made by court order, not by notice of the plaintiff

---

[1] This is a minority view, as several other circuits, as well as leading civil procedure treatises, have concluded that Rule 41(a) allows for the dismissal of all claims against a single defendant. *See Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 266 n.2 (6th Cir. 2003) (collecting cases and references). Indeed, a more recent Sixth Circuit case seemed to retreat from *Taylor*, affirming a district court's dismissal of all claims against one of two defendants under Rule 41(a)(2) without discussing why Rule 41 was applicable. *Banque de Depots v. Nat'l Bank of Detroit*, 491 F.2d 753, 755–57 (6th Cir. 1974). In any event, "district courts in this circuit have consistently applied Sixth Circuit precedent as limiting notices of dismissal to those that eliminate all claims against all defendants." *EQT Gathering, Inc. v. A Tract of Property Situated in Knott County, Ky.*, Civil Action No. 12-58-ART, 2012 WL 3644968, at *2 (E.D. Ky. Aug. 24, 2012) (collecting cases).

[2] Rule 21 provides, in pertinent part: "On motion or on its own, the court may at any time, on just terms, add or drop a party."

or a stipulation of dismissal signed by all parties who have appeared, and therefore it does not meet the criteria of the "two dismissal" rule.

**D. Policy Considerations**

In addition, policy considerations also counsel against invocation of the "two dismissal" rule in this case. Both previous dismissals, viewed in context, are more than run-of-the-mill voluntary dismissals by the Fund under Rule 41(a)(1)(A). In *Courtad I*, the Fund explicitly agreed to dismiss Courtad, Inc. as a component of the settlement with Courtad Construction and Dennis Courtad. (Doc. No. 1–2 at ¶ 6.) The parties' settlement, memorialized in the Second Settlement Agreement, thus reflects that the parties to *Courtad I* conferred and negotiated for the dismissal of Courtad, Inc. from that action. Moreover, the Fund presented the proposed dismissal to the court as a "partial stipulation of dismissal" on the same day as the proposed consent decree, and the court ordered the dismissal and entered consent judgment several days later. *See Island Stevedoring, Inc. v. Barge CCBI*, 129 F.R.D. 430, 432 (D.P.R. 1990) (although the parties did not file a formal stipulation, the record indicated that the first dismissal resulted from "negotiations and a consent agreement among the parties," so the "two dismissal" rule did not apply).

In *Courtad II*, Courtad, Inc. admittedly consulted with the Fund regarding the Fund's desire to dismiss the case in order to refile in another venue. (Doc. No. 7 at 143.) Thus, not only is there no evidence that the Fund dismissed either of the previous actions out of the desire to harass defendant, the evidence actually shows, to the contrary, that the dismissals occurred after the parties conferred. For that reason, even if *Courtad I*

and *II* were "based on or including the same claim," and even if *Courtad I* were dismissed by plaintiff, not by court order, this would not be a proper occasion to invoke the "two dismissal" rule. *See Logan Proffitt Irrevocable Trust v. Mathers*, Nos. 2:09-cv-292, 2:10-cv-147, 2011 WL 9369856, at *3 (E.D. Tenn. Aug. 2, 2011) (electing not to apply the "two dismissal" rule where the parties had a "tacit agreement . . . concerning dismissing the case in order to refile it in a more convenient forum"); *Ater ex rel. Ater v. Follrod*, 238 F. Supp. 2d 928, 953 (S.D. Ohio 2002) (electing not to apply the "two dismissal" rule where plaintiffs' counsel conferred with defendants' counsel prior to dismissing claims because "the dismissals were not completely unilateral" and there was no evidence the dismissal was intended to harass defendants).

**E. *Courtad I* and *II* Were Not "Based on or Including the Same Claim"**

Even if *Courtad I* and *Courtad II* were both dismissed by notice under Rule 41(A)(1)(a)(i), the "two dismissal" rule could not be invoked because they are not "based on or including the same claim."

"Enforcement of [a] settlement agreement . . . whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 378 (1994). In *Kokkonen*, the Supreme Court stated that "the facts underlying [the] dismissed claim . . . and those underlying [the] claim for breach of settlement agreement have nothing to do with each other[.]" *Id.* at 380. The Court continued:

> The suit [to enforce the settlement agreement] involves a claim for breach of a contract, part of the consideration of which was dismissal of an earlier

10

federal suit. No federal statute makes that connection (if it constitutionally could) the basis for federal-court jurisdiction over the contract dispute. The facts to be determined with regard to such alleged breaches of contract are quite separate from the facts to be determined in the principal suit[.]

*Id.* at 381. In short, "[i]n *Kokkonen* . . . the Supreme Court held that, in enforcing a settlement agreement that produced the dismissal of an earlier federal suit, a federal court adjudicates a breach-of-contract controversy distinct from the dismissed suit. *Limbright v. Hofmeister*, 566 F.3d 672, 674 (6th Cir. 2009) (quoting *Kokkonen*, 511 U.S. at 378).

In *Courtad I*, the Fund filed suit to collect allegedly unpaid withdrawal liability from Courtad Construction; Courtad, Inc.; and Dennis Courtad. The Fund's claims against Courtad, Inc. were: (1) under ERISA, on the theory that Courtad, Inc. was a business under "common control" with Courtad Construction; (2) under the First Settlement Agreement, for alleged breach thereof; (3) under Ohio's Uniform Fraudulent Transfer Act, related to Courtad, Inc.'s alleged receipt of assets from Courtad Construction; and (4) under federal labor law, for alter-ego liability with Courtad Construction. The First Settlement Agreement was signed on March 27, 2007, and *Courtad I* was filed on June 5, 2008.

In contrast, in *Courtad II*, the Fund filed suit against Courtad, Inc. for breach of the *Second* Settlement Agreement, which was entered into by Courtad Construction and Dennis Courtad on July 22, 2008. Courtad, Inc. sent the Fund a check for the initial payment under the Second Settlement Agreement on August 2, 2008, which was returned for insufficient funds that same day.

*Courtad I* and *II* are in the same position as the two suits discussed in *Kokkonen*. *Courtad II* was a suit to enforce the Second Settlement Agreement, part of the consideration of which was dismissal of *Courtad I*. *Kokkonen* dictates that the facts underlying *Courtad I* and those underlying *Courtad II* "have nothing to do with each other." *See Kokkonen*, 511 U.S. at 380. At the time *Courtad I* was filed, the Second Settlement Agreement did not exist, nor had the alleged behavior occurred that constituted a breach of the Second Settlement Agreement. *See Microvote Corp. v. Casey*, No. 94-3890, 57 F.3d 1070 (table), at *2–*3 (6th Cir. June 16, 1995) (affirming the district court's holding, construing a state rule of civil procedure "substantially the same as Rule 41(a)(1) of the Federal Rules of Civil Procedure," that a claim arising after a dismissal could not be the "same claim" as that which was dismissed). Thus, *Courtad I* and *II* are not "based on or including the same claim," and therefore the "two dismissal" rule is not implicated.

### III. CONCLUSION

For the foregoing reasons, defendant's motion to dismiss is **DENIED**.

**IT IS SO ORDERED**.

Dated: July 26, 2013

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**