UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHEET METAL WORKERS' | ) | CASE NO. 5:12-cv-2738 |
| NATIONAL PENSION FUND | ) | |
| BOARD OF TRUSTEES, | ) | |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| | ) | |
| COURTAD, INC., | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

This matter is before the Court on the motion of defendant Courtad, Inc. ("defendant" or "Courtad, Inc.") to dismiss plaintiff's amended complaint for breach of contract pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). (Doc. No. 44 ["Mot."].) Plaintiff has opposed the motion (Doc. No. 45 ["Opp'n"]), and defendant has replied (Doc. No. 46 ["Reply"]). This matter is ripe for decision, and, for the reasons that follow, defendant's motion to dismiss is DENIED.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

The instant action revolves around the efforts of plaintiff Board of Trustees, Sheet Metal Workers' National Pension Fund ("plaintiff" or "Fund") to collect the withdrawal liability incurred by Courtad Construction Systems ("Courtad Construction") pursuant to ERISA in the amount of $141,580.54 when it completely

withdrew from the Fund on May 1, 2004.[1] (Document No. 43 (Amended Complaint ["AC"]) ¶¶ 11-12.) Courtad Construction is not a party to this action.

**A. The First Lawsuit**

Courtad Construction did not pay its withdrawal liability as required, and the Fund sued Courtad Construction in the United States District Court, Eastern District of Virginia, to collect those sums. That case was resolved when Courtad Construction and the Fund entered into a settlement agreement on March 27, 2007 (the "first settlement agreement"), which required certain payments by Courtad Construction. (*Id*. ¶¶ 15-18.) After the first settlement agreement was executed, Courtyard Construction was dissolved by the Ohio Secretary of State. (*Id*. ¶ 19.).

Plaintiff alleges that the assets of Courtad Construction were acquired by Courtad, Inc.[2] for inadequate or no consideration in order to escape the liabilities of Courtard Construction, and that Courtad, Inc. is a mere continuation of Courtad Construction. (*Id*. ¶¶ 20-35.) Courtad, Inc. paid the first four payments required by the first settlement agreement, but neither Courtad Construction nor Courtad, Inc. made any of the remaining payments. (*Id*. ¶¶ 36-37.) Plaintiff alleges that by making the first four

---

[1] Courtad Construction employed employees represented by the Sheet Metal Workers' International Association Local Union No. 33, and was a signatory to the collective bargaining agreement with Local Union 33, which required Courtrad Construction to make contributions to the Fund on behalf of its union employees. (AC ¶¶ 9-10.) The Fund is a multiemployer pension plan within the meaning of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Multiemployer Pension Plan Amendments Act of 1980, 29 U.S.C. §§ 1001 *et seq*. (1982). (*Id*. ¶¶ 1, 4.) The Court has previously concluded that this action is a state law matter before the Court on diversity jurisdiction, and is not preempted by ERISA. (Doc. No. 42 (Opinion and Order ["OO"]) at 342 n.1.) All references to page numbers are to the page identification number generated by the Court's electronic filing system.

[2] According to the original complaint filed in this case, Courtad, Inc. was incorporated on June 30, 2003. (Doc. No. 1 ["Compl."] ¶ 9.).

payments, Courtad, Inc. agreed to assume the liability of Courtad Construction under the first settlement agreement. (*Id*. ¶¶ 38-39.).

**B. The Second Lawsuit**

The Fund then sued Courtad Construction, Courtad, Inc., and Dennis Courtad[3] in United States District Court, Northern District of Ohio, Case No. 5:08-cv-1357,[4] to collect the remaining withdrawal liability owed to the Fund. (*Id*. ¶ 40.) To resolve the second lawsuit, Courtad Construction and Dennis Courtad entered into a second settlement agreement ("Agreement") with the Fund on July 11, 2008 (Doc. No. 43-2 ["Agrmnt."]), attached as Exhibit B to the amended complaint. (*Id*. ¶ 41.)[5]

Under the Agreement, an initial payment to the Fund was required, to be followed by several subsequent payments. (*Id*.) In addition, Courtad Construction and Dennis Courtad consented to the immediate entry of judgment in the amount of $125,048.59, but the Fund agreed not to execute on the consent judgment (Doc. No. 43-1 ["Consent Jdgmnt."]) unless Dennis Courtad and Courtad Construction failed to make the required payments. (Agrmnt. ¶ 4.)

Courtad, Inc. is not a party to the Agreement or consent judgment, and was dismissed by the Fund from Case No. 5:08-cv-1357 without prejudice the same day the consent judgment was entered. (AC ¶ 40; Agrmnt. ¶ 6; Case No. 5:08-cv-1357, Doc. No. 8.)

---

[3] Plaintiff alleges that Dennis Courtad is the president, director, and sole shareholder of both Courtad Construction and Courtad, Inc. (AC ¶ 21.).

[4] The case number and venue of the second lawsuit are reflected in Exhibits A and B attached to the amended complaint. The docket of Case No. 5:08-cv-1357 is a public record, of which the Court may take judicial notice.

[5] The amended complaint refers to this document as the "Second Settlement Agreement," but the document attached as Exhibit B to the amended complaint is entitled "Agreement in Lieu of Execution."

Courtad, Inc. sent a check to the Fund for the initial payment, but the check was returned unpaid. No further payments were made by either Courtad Construction or Courtad, Inc. (AC ¶¶ 43, 45.)

**C. The Instant Action—The Third Lawsuit**

The Fund sued a third time, but in this lawsuit, the only defendant is Courtad, Inc. The initial complaint asserted a claim against Courtad, Inc. under the federal common law doctrine of alter ego liability, and was the subject of a motion for judgment on the pleadings by Courtad, Inc. (Doc. No. 27.) In ruling on that motion, the Court concluded that the federal common law doctrine of alter ego liability does not apply to a state law claim for breach of contract. (OO at 349.) But the Court noted that plaintiff's complaint did not attempt to state a claim for relief under Ohio corporate liability doctrines, and concluded that the Court could not determine whether plaintiff had stated a claim under other theories of corporate liability. (OO at 350.).

The Court granted plaintiff leave to amend its complaint to state a claim for relief under other theories of corporate liability. In the amended complaint, the plaintiff alleges that by sending a check to the Fund for the initial payment of the Agreement, Courtad, Inc. expressly or impliedly agreed to assume the liability of Courtad Construction thereunder. (AC ¶ 44.) Plaintiff asserts one count for breach of contract against Courtad, Inc. as the corporate successor to Courtad Construction. (*Id*. ¶¶ 46-53.).

Defendant contends that the amended complaint should be dismissed because the Agreement limits plaintiff's remedy for default to execution of the consent judgment, Courtad, Inc. has no duty or obligation under the Agreement, and because any direct action against Courtad, Inc. is time barred. (Mot. at 374-75.).

4

## II. DISCUSSION

**A. Standard of Review**

    **1.  Fed. R. Civ. P. 12(b)(6)**

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Although this pleading standard does not require great detail, the factual allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007) (citing authorities). In other words, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Id*. at 556, n.3 (criticizing the *Twombly* dissent's assertion that the pleading standard of Rule 8 "does not require, or even invite, the pleading of facts"). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Twombly,* 550 U.S. at 570).

While the Court's consideration of documents for Rule 12(b)(6) analysis is normally limited to the pleadings, there are certain exceptions. The Court may also consider documents that are attached to, incorporated by, or referred to in the pleadings. Documents attached to a motion to dismiss are also "considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [plaintiff's] claim." *Weiner v. Klais & Co.*, *Inc.*, 108 F.3d 86, 89 (6th Cir. 1997) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1983)). Further, the Court may consider "materials in addition to the complaint if such materials are public records

or are otherwise appropriate for taking judicial notice." *New England Health Care Emps. Pension Fund v. Ernst & Young LLP,* 336 F.3d 495, 501 (6th Cir. 2003) (citations omitted).

Accordingly, the Court may consider the consent judgment and agreement attached to plaintiff's amended complaint, and take judicial notice of the public docket of Northern District Ohio Case No. 5:08-cv-1357, where the second lawsuit was filed. *See Rhone v. Wayne Cnty. Prosecutor's Office*, No. 13-13400, 2013 WL 5775475, at *1 n.1 (E.D. Mich. Oct. 25, 2013) (citing *Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D.Me. 2003)).

While the Federal Rules of Civil Procedure govern the procedural aspects of defendant's motion to dismiss, this matter is before the Court pursuant to diversity jurisdiction. 28 U.S.C. § 1332. In diversity actions, federal courts apply the forum state's substantive law and choice of law provisions. *See Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 187, 82 L. Ed. 1188 (1938)). The Agreement between the Fund, Courtad Construction, and Courtad, Inc. to resolve the second lawsuit in the Northern District of Ohio, Case No. 5:08-cv-1357, does not contain a choice of law provision. But neither party has indicated that the substantive law from any state other than Ohio applies to this case, so the Court will apply the law of the forum state—Ohio.

   **2. Fed. R. Civ. P. 12(b)(1)**

A motion to dismiss for lack of subject matter jurisdiction, under Fed. R. Civ. P. 12(b)(1), can challenge either the sufficiency of the complaint itself (a facial attack) or the factual existence of subject matter jurisdiction (a factual attack). *Cartwright*

6

*v. Garner,* 751 F.3d 752, 759 (6th Cir. 2014) (citing *United States v. Ritchie,* 15 F.3d 592, 598 (6th Cir. 1994)). If the attack is facial, the court takes all the factual allegations in the complaint as true, and if the allegations establish federal claims, then jurisdiction exists. *Amburgey v. United States,* 733 F.3d 633, 636 (6th Cir. 2013). If the challenge is factual, the court can weigh evidence to confirm the factual predicate for subject matter jurisdiction. *Id.* Either way, plaintiff bears the burden of establishing subject matter jurisdiction. *Lewis v. Whirlpool Corp.,* 630 F.3d 484, 487 (6th Cir. 2011) (citation omitted).

**B. Analysis**

**1. A forbearance agreement may be subject to a breach of contract action**

As an initial matter, defendant makes much of the point that the Agreement is entitled "Agreement in Lieu of Execution," not "Second Settlement Agreement," as referred to in the amended complaint. According to defendant, the Agreement is a forbearance agreement, not a settlement agreement. The defendant presumably advances this characterization as a foundation for its ultimate argument that the Fund's only remedy for default is execution of the consent judgment against Courtad Construction and Dennis Courtad.

A forbearance agreement is no different than a settlement agreement. *See Somerset Synfuel No. 1, L.L.C. v. Resource Recovery Int'l. Corp.*, 935 N.E.2d 497, 502 (Ohio Ct. App. 2010) ("The forbearance agreement was an attempted settlement intended to replace the parties original obligations under the note. Thus, a new contract was being created.") (citation omitted). A settlement agreement is a binding contract between the parties that requires a meeting of the minds, consideration, and offer and acceptance. *See*

*Consolo v. Menter*, No. 25394, 2011 WL 6076340, at *2 (Ohio Ct. App. Dec. 7, 2011) (citing *Rulli v. Fan Co.*, 79 Ohio St. 3d 374, 376 (1997)); *see also Forester v. Scott*, 311 N.E.2d 27, 29 (Ohio Ct. App. 1973) ("well-recognized principle of contract law that a promise to forbear" a valid action that one has a right to pursue is sufficient consideration to support a contract).

Settlement agreements are subject to enforcement under standard contract law. *See Consolo*, 2011 WL 6076340, at *2 (citing *Rulli,* 79 Ohio St. 3d at 376). Like any settlement agreement, a forbearance agreement may be subject to an action for breach. *See Wendy's Int'l. v. Saverin*, 337 F. App'x 471 (6th Cir. 2009) (affirming grant of summary judgment in favor of franchisor that franchisor did not breach the parties' forbearance agreement); *First Horizon Home Loans v. Fanous*, No. 95924, 2011 WL 3759687, at *1-2 (Ohio Ct. App. Aug. 25, 2011) (affirming trial court's dismissal of First Horizon's Civ. R. 60(B)(4) motion for relief from dismissal of initial foreclosure action when parties settled initial foreclosure action by entering into a forbearance agreement, holding that a forbearance agreement is no different than other settlement agreements, and plaintiff's remedy for breach of the forbearance agreement is to file a new action for breach).

Having concluded that a forbearance agreement may be subject to an action for breach like any contract, the issue before the Court on defendant's motion is whether the Agreement precludes a breach of contract action and/or limits the Fund's remedy to executing on the consent judgment. In order to make this determination, the Court must interpret the Agreement.

### 2. Agreement not limited by exclusive remedy

"Under Ohio law, the interpretation of written contract terms, including the determination of whether those terms are ambiguous, is a matter of law for initial determination by the court." *Savedoff v. Access Grp., Inc.*, 524 F.3d 754, 763 (6th Cir. 2008) (citations omitted). It is the role of the Court to discern the intent of the parties, which is "presumed to reside in the language they choose to use in their agreement." *Savedoff*, 524 F.3d at 763 (quoting *Graham v. Drydock Coal Co.*, 667 N.E.2d 949, 952 (Ohio 1996)). "The Court must look to the plain language of the contract, and only go beyond the plain language of the agreement to determine the rights and obligations of the parties if it is ambiguous." *Airlink Commc'ns, Inc. v. Owl Wireless, LLC*, No. 3:10 CV 2296, 2011 WL 4376123, at *2 (N.D. Ohio Sept. 20, 2011) (internal citations omitted).

"Contractual language is 'ambiguous' only where its meaning cannot be determined from the four corners of the agreement or where the language is susceptible of two or more reasonable interpretations." *Covington v. Lucia*, 784 N.E.2d 186, 190 (Ohio Ct. App. 2003) (citation omitted); *see Sec'y of USAF v. Commemorative Air Force*, 585 F.3d 895, 900 (6th Cir. 2009). When both parties offer "plausible interpretations of the agreement drawn from the contractual language itself [this] demonstrates that the provision is ambiguous." *Int'l Union UAW Local 91 v. Park-Ohio Indus., Inc.*, 876 F.2d 894 (Table), 1989 WL 63871, at *6 (6th Cir. 1989). In determining whether contractual language is ambiguous, the contract "must be construed as a whole." *See Tri-State Grp., Inc. v. Ohio Edison Co.*, 782 N.E.2d 1240, 1246 (Ohio Ct. App. 2002) (internal citation and quotation marks omitted).

Relying on paragraphs 4 and 9 of the Agreement, defendant argues that, in the event of non-payment, the Agreement limits the Fund to the exclusive remedy of execution of the judgment against Courtad Construction and Dennis Courtad, and therefore plaintiff's breach of contract action fails to state a claim for relief. The Agreement language at issue provides as follows:

> 4. Courtad Construction and Dennis Courtad consent to the immediate entry of judgment in the amount of $125,048.59. So long as Courtad Construction and Dennis Courtad timely make the payments referred to in Paragraph 2, the Fund shall not execute on the Judgment nor purse any action against Courtad Construction or Dennis Courtad. . . . In the event of default, no provision in this Agreement shall be construed to prevent the Fund from immediately executing upon the Judgment. . . .
>
> * * *
>
> 9. If any of the payments referenced in Paragraph 1 are not made on time, then the Fund *shall have the right to execute on the Judgment* entered in the Action and to bring an action against any and all trades or businesses under common control with Courtad Construction and Dennis Courtad on the date of withdrawal.

(Agrmnt. ¶¶ 4, 9 (emphasis added).).

In support of a contract interpretation that excludes breach of contract as an available remedy, defendant argues:

> . . . Paragraphs 4 and 9 very clearly state that if [Courtad Construction] does not make its payment obligations, [p]laintiff's *only two remedies* are to 1) execute on the [consent judgment], and/or 2) bring an action against any business under common control with [Courtad Construction] and Dennis Courtad "on the date of withdrawal."
>
> The failure to make required payments during the forbearance period does not give rise to a claim for breach of contract under the [Agreement], rather it is a triggering event that simply permits execution on an already-in-place judgment. In other words, [Courtad Construction's] alleged failure to pay pursuant to the [Agreement] does not give rise to a breach of contract but, rather, gives [p]laintiff the right to execute on the Consent Judgment Order against [Courtad Construction].

10

(Mot. at 374-75 (emphasis added).).

The Court finds no ambiguity in the contract language of paragraphs 4 and 9 of the Agreement regarding the available remedies in the event of default. The plain and unambiguous language of paragraph 4 provides that as long as the required payments are made, the Fund will not execute on the judgment or pursue other actions against Courtard Construction; but if the payments are not made, paragraph 9 permits the Fund to pursue two remedies: First, the Fund has the right to execute on the consent judgment in the event of non-payment. Second, the Fund may bring an action against businesses under common control of Courtad Construction and Dennis Courtad on the date of Courtad Construction's withdrawal from the Fund. But the analysis does not end here.

Rather, the issue is whether the Agreement excludes the Fund's common law remedies, or limits plaintiff's remedies to only those described in the Agreement. "[U]nder Ohio law, a contract remedy is exclusive only if the parties so stipulate[.]" *Bank One, N.A. v. Echo Acceptance Corp.*, 380 F. App'x 513, 522 (6th Cir. 2010) (citing *Mead Corp. v. ABB Power Generation, Inc.,* 319 F.3d 790, 796 (6th Cir. 2003)); *M.G.A., Inc. v. Amelia Station, Ltd.,* No. C–010606, 2002 WL 31127518, at *4 (Ohio Ct. App. Sept. 27, 2002) ("[L]imitations-of-remedies clauses are not favored and the parties' intent to make the specified remedy exclusive must be clear from all the facts and circumstances of the case."); *Dean Tech., Inc. v. CE Power Solutions, LLC*, -- F. Supp. 3d --, 2015 WL 1468299, at *11 n.24 (S. D. Ohio Mar. 30, 2015) (citing *Echo Acceptance Corp.*, 380 F. App'x at 522).

> But, although "[i]t is a basic principle of contract law that parties by an express agreement may contract for an exclusive remedy that limits their rights, duties and obligations," the parties must clearly indicate in the contract their intent "to make the stipulated remedy exclusive." *Bd. of*

11

> *Regents v. Wilson,* 27 Ill. App. 3d 26, 326 N.E.2d 216, 220 (1975).
>
> Thus, where a "contract fails to expressly exclude the owner's common law remedies, or to limit plaintiff's remedies to those expressly stipulated in the contract," a party can still invoke independent remedies. *Id.* at 222; *see All Seasons Water Users Ass'n v. N. Improvement Co.,* 399 N.W.2d 278, 285 (N.D. 1987); *Omaha Home for Boys v. Stitt Constr. Co.,* 195 Neb. 422, 238 N.W.2d 470, 473 (1976).

*Mead Corp.,* 319 F.3d at 796 (footnote omitted).

Defendant argues that paragraph 9 of the Agreement describes the plaintiff's "only two remedies," but does not explain how such a conclusion is supported by the agreement language. On its face, the Agreement is devoid of express language of any sort that could be reasonably interpreted to exclude the Fund's common law remedies or limit plaintiff's remedies to those contained in the Agreement. *See Kurtz v. W. Property, L.C.C.*, No. 10AP-1099, 2011 WL 6916196, at *4-6 (Ohio Ct. App. Dec. 27, 2011) (agreement to purchase real property expressly recognized liquidated damages (loss of security deposit) as the "*sole remedy* at law and in equity," thus excluding a breach of contract claim) (emphasis added). The plain language of paragraphs 4 and 9 is permissive, not mandatory, and gives the Fund the right to execute on the consent judgment in the event of non-payment but does not require the Fund to do so. Simply specifying the availability of a particular remedy is not sufficient to render that remedy exclusive. *See M.G.A., Inc.,* 2002 WL 31127518, at *3 (specification of one remedy, without more, does not necessarily preclude other remedies).

Defendant maintains that an exclusive remedy analysis is inapposite because the consent judgment, although unexecuted, was entered as part of the settlement agreement resolving the second lawsuit and precludes further litigation—"this is a case where Plaintiff obtained a judgment entry . . . and signed a release against all other claims

12

against [Courtad Construction] and its agents." (Reply at 391.) Defendant reasons that plaintiff cannot have a breach of contract claim against [Courtad Construction] because any breach of contract is subject to the consent judgment. (*Id*.)

But the unexecuted consent judgment was part of the negotiated second settlement agreement: "Courtad Construction and Dennis Courtad consent to immediate entry of judgment in the amount of $125,048.59." (Agrmnt. ¶ 4.) The consent judgment is just one of the non-exclusive remedies available to the Fund in the event of default.

Defendant also argues that "[t]he release language and merger clause in the agreement prohibit any further recovery against [Courtad Construction] and its agents." (Reply at 392.) But the Fund is not pursuing additional recovery—plaintiff is pursuing the same recovery provided by the Agreement through the common law remedy of breach of contract.

### 3. Claim against Courtad, Inc.

#### *a. Breach of contract*

Even if a breach of contract claim is available under the Agreement, defendant argues that the Fund cannot maintain an action against Courtad, Inc. because "[d]efendant did not contract to do or perform any action. There is no duty required of [d]efendant spelled out in the 'contract.' As such, there can be no claim for breach of contract. [Courtad, Inc.] did not agree or promise to undertake any obligation in the contract upon which a breach could ever be premised." (*Id*. at 391.)

It is true that Courtad, Inc. is not a party to the Agreement and was dismissed without prejudice from the second lawsuit. (Agrmnt. ¶ 6.) But plaintiff's claim is that Courtard, Inc. is liable for breach of the Agreement as the *corporate successor* of

13

Courtad Construction, who was a party to the Agreement. Defendant's motion to dismiss does not make the alternative argument that, if the Court concludes plaintiff's breach of contract claim is not precluded by the Agreement, the amended complaint fails to state a claim for breach of contract or fails to state a claim that Courtad, Inc. is the corporate successor to Courtad Construction.

Accordingly, the Court concludes that plaintiff has alleged a plausible claim for breach of the Agreement, and a basis for the Court's subject matter jurisdiction. Therefore defendant's motion to dismiss pursuant to Rules 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim for breach of contract against Courtad, Inc. is without merit and is denied.

### b. Time barred claims

Defendant concedes that the second part of paragraph 9 of the Agreement gives plaintiff the right, in the event of non-payment, "to bring an action against any and all trades or businesses under the common control with Courtad Construction and Dennis Courtad on the date of withdrawal." (Mot. at 375; Agrmnt. ¶ 9.) But defendant argues that a direct claim against Courtad, Inc. for withdrawal liability is time barred by a ten year statute of limitations. (Mot. at 375.) Defendant further argues that "Plaintiff may now allege (or this Court may assume) Plaintiff is not bring[ing] a contract claim but a fraud claim[,]" which is also time barred by a four year statute of limitations. (*Id* at 376.) Other legal theories that defendant contends may be "possibly propounded" by the amended complaint include fraudulent conveyance and fraudulent conversion, which defendant maintains are also precluded by a four year statute of limitations. (*Id.*)

14

The amended complaint asserts a single claim for breach of contract and does not assert any of the other possible claims described by defendant that defendant claims are time-barred. Because no such claims have been asserted, there is no basis upon which to consider defendant's motion to dismiss these possible claims.

### III. CONCLUSION

For all of the foregoing reasons, defendant's motion to dismiss the amended complaint is DENIED. This case management plan in this case was previously set aside pending the Court's ruling on defendant's motion for judgment on plaintiff's original complaint. (Non-document Order April 23, 2014.) The Court will conduct a telephonic status conference with counsel only on October 1, 2015 at 11:30 a.m. to establish a revised case management plan. Counsel shall confer in advance of the status conference and jointly file a proposed case management plan by September 28, 2015, that includes deadlines for any remaining discovery and for summary judgment motions.

**IT IS SO ORDERED**.

Dated: September 21, 2015

                                                **HONORABLE SARA LIOI**
                                                **UNITED STATES DISTRICT JUDGE**